In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law Made by JAMES SCOLAMERIO, Appellant. FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board dated August 26, 1940, which affirmed a decision of an Unemployment Insurance Referee dated June 10, 1940, holding appellant to be the employer of certain beauticians and a barber under the Unemployment Insurance Law and liable for the payment of the tax based upon the wages received by them. In 1935 appellant rented, on a month to month basis, two adjoining stores in the basement of the Mohawk Hotel at Schenectady and thereafter operated one of the stores as a beauty parlor known as the " Colleen Beauty Shop " and also operated a barber shop adjoining the beauty parlor. In 1936 he sold the barber business to his brother-in-law and sublet the shop to him for a monthly rental of twenty dollars and thereafter the brother-in-law furnished his own supplies, operated the barber shop and paid only a monthly rental to appellant. From 1937 on appellant and the various beauticians, who worked in the " Colleen Beauty Shop " operated under so-called written leases of personal property by which the appellant rented the operator a booth and a chair and furnished the necessary light, heat and beauty parlor supplies, in return for which the operator paid the appellant a percentage of her earnings. Appellant himself was present at all times and operated a booth in the beauty parlor. He paid for advertising and business cards of the shop, provided each operator with an appointment sheet on which was kept a record of her daily cash receipts. Settlements of the accounts between the appellant and operators were had either daily or weekly. Appellant could cancel the so-called leases at any time. We fail to find any facts to support the conclusion that the barber was an employee of appellant. In the present state of the record we cannot segregate the tax assessed against appellant on account of the barber. Consequently the decision must be reversed and the entire matter remitted for the purpose of eliminating such tax. Decision reversed, with costs to appellant against the Industrial Commissioner, and matter remitted. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.